**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES ROBERT TAYLOR,

        Taylor,

                                          Case No. 19-cv-11067

    v.                             Hon. Matthew F. Leitman

KEVIN LINDSEY,

        Respondent

                                                                         /

## ORDER (1) DENYING PETITIONER'S MOTIONS FOR A STAY (ECF NOS. 7, 8) AND (2) DIRECTING RESPONDENT TO FILE A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Charles Robert Taylor is a state prisoner currently confined in the G. Robert Cotton Correctional Facility in Jackson, Michigan. On March 28, 2019, Taylor filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Taylor challenges his state-court conviction for second-degree murder. (*See id.*)

On July 1, 2019, and July 18, 2019, Taylor filed two motions to stay this action so that he could return to state court in order to develop an additional evidentiary record. (*See* ECF Nos. 7, 8.)[1] The Court thereafter directed Taylor to file a supplemental brief to explain what evidence he needed that was not currently in the

---

[1] ECF No. 8 is labeled incorrectly as a Motion to Stay by (Respondent) Kevin Lindsey.

record, how the evidence he sought supported his petition, and why the Court needed that evidence to determine whether he is entitled to relief. (*See* Order, ECF No. 10.)

Taylor timely filed the supplemental brief as directed. (*See* Supp. Br., ECF No. 11.) The Court has carefully reviewed Taylor's submission and, for the reasons stated below, **DENIES** Taylor's motions for a stay and **DIRECTS** Respondent to file a response to Taylor's petition for a writ of habeas corpus.

## I

Taylor originally sought a stay of his petition so that he could "pursue in the state court a motion for the transcript of the warrant hearing and production of documents pertaining to his arrest" such as the state-court criminal complaint, warrant, and information. (ECF No. 7, PageID.144; ECF No. 8, PageID.144, 147.) Taylor insisted that those documents were "needed before relief may be granted or denied by this [C]ourt." (*Id.*)

In his supplemental brief, Taylor confirmed that he seeks to return to state court in order to gather evidence to support an attack on the legality of his arrest:

> These documents are essential to this case because they will reveal newly discovered evidence of the illegal history of the manufacturing of false documents which goes to the fraudulent nature of the proceedings leading to the illegal arrest of Taylor.

(Supp. Br., ECF No. 11, PageID.159.)

## II

"[A] state prisoner seeking federal habeas relief must first 'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). Taylor requests a stay so that he may obtain evidence in the state courts that he deems necessary to the resolution of his petition, and he notes that claims related to that evidence were not raised properly in the state courts. (ECF No 7, PageID.145; ECF No. 8, PageID.148.)

Federal district courts "ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion[.]" *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In *Rhines*, the Supreme Court approved a "stay-and-abeyance" procedure that allows district courts to stay the federal proceeding and hold a habeas petition in abeyance while a petitioner returns to state court and raises his unexhausted claims there. *Id.* at 275. *Rhines* allows district courts to use the stay-and-abeyance procedure where a petitioner has good cause for the failure to exhaust his remedies in state court, the unexhausted claims are potentially meritorious, and the petitioner has not engaged in abusive litigation tactics. *See id.* at 278.

Here, Taylor's claim of illegal arrest is not "potentially meritorious." It is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Therefore, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Simply put, Taylor's attack on the lawfulness of his arrest, even if successful, would not require the Court to vacate his conviction in this federal habeas proceeding. Thus, there is no basis on which to stay these proceedings to allow Taylor to develop his unlawful-arrest claim in state court.

However, Taylor has raised an exhausted claim in the petition that insufficient evidence supports his conviction. "[A] state prisoner is entitled to habeas corpus relief if a federal judge finds that 'upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *McDaniel v. Brown*, 558 U.S. 120, 121 (2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). Accordingly, while a stay is not warranted because Taylor cannot obtain relief on the grounds of an illegal arrest, the petition may proceed on his claim that insufficient evidence supports his conviction.

# III

For the reasons stated above, the Court **DENIES** Taylor's motions for a stay (ECF Nos. 7, 8).

The petition having been examined, the Court determines it is not subject to summary dismissal under 4, Rules Governing Section 2254 Cases.

**IT IS ORDERED** that the Clerk of the Court serve a copy of the petition and a copy of this order on Respondent and on the Attorney General for the State of Michigan **by First-Class Mail** as provided in Rule 4.

**IT IS FURTHER ORDERED** that Respondent shall file a response to the petition in accordance with Rule 5, Rules Governing Section 2254 Cases by no later than **March 23, 2020**. Taylor shall have 45 days from the date of the responsive pleading to submit a reply.

**IT IS FURTHER ORDERED** that, as part of the response, Respondent shall file with the Clerk of the Court a copy of the relevant transcripts, the relevant appellate briefs submitted by Taylor and the prosecution, and the state appellate opinions and orders as required by Rule 5. Respondent shall also file a separate index listing the submitted materials.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 25, 2019, by electronic means and/or ordinary mail.

s/ Holly A. Monda
Case Manager
(810) 341-9764